OPINION
Defendant-appellant, Larry Dale Jordan, appeals from his conviction in the Butler County Common Pleas Court of carrying a concealed weapon in violation of R.C. 2923.12(A). The facts underlying his conviction are as follows:
Hamilton police officer Gerald Butler testified that in the early evening hours of October 29, 1996, he responded to a call of a man with a gun in the five hundred block of East Avenue in Hamilton. A subsequent radio call indicated the suspect was Paul Barker described as a white male wearing no shirt.
When Butler confirmed Barker's residence as 1104 Edison Avenue he proceeded to that residence. As Butler approached Barker's house he heard people arguing in the rear of the residence. Butler said he then observed Barker and the defendant arguing in the rear of the residence. He observed that Barker had some blood on his face and hands.
Butler said he told Barker he had a report of him being up on East Avenue with a gun. Barker told Butler there was no gun but that "he got jumped." (Tr. 46). Butler said he asked the defendant what his problem was with Mr. Barker. Butler said the defendant said he had no problem with him. (Tr. 48) Butler said he then patted down the defendant's back pocket and recovered a .38 caliber Smith and Wesson revolver. Butler said the gun had three empty casings and two live rounds in it. He said he then arrested the defendant. He said he subsequently test fired the weapon and it functioned properly.
Butler testified that as he and the defendant walked to the police cruiser, the defendant said he had the gun in his car and that Barker had somehow gotten his gun and he had retrieved the gun from Barker and was going to the house with the gun when he was arrested.
Butler said the defendant never told him he had the weapon on him for self-defense or for purposes related to his employment. (Tr. 58).
Philip Smallwood testified he and his mother lived with Paul Barker. He said Barker gave him a gun on the evening of October 29, 1996 and asked him to put it in the defendant's car which he did. Smallwood said he returned the gun to the rear of the defendant's Mustang where he had observed the gun on other occasions. (Tr. 86). He said the gun was accessible to others in the neighborhood.
The defendant said he discovered in the early evening of October 29th that his gun was missing from his car. He said he later saw Barker return home and decided to check to see if the gun was returned to his car. The defendant said he recovered his gun from his car and placed it in his back pocket to return it to his house. (Tr. 106). The defendant said as he headed back toward the house, Barker came outside. He said he and Barker began arguing about Barker's taking his gun. The defendant said that during the argument Officer Butler arrived on the scene.
The defendant was asked by his counsel why he removed the gun from his car. The defendant stated "he didn't want it to be outside floating around. . . ." (Tr. 110). The defendant said he was going to return the gun to his house. He was asked by his counsel if he was concerned about his family and his home based on his knowledge of Barker and he stated he was concerned somebody could get hurt or killed. (Tr. 112).
The defendant admitted on cross-examination that at the time he was carrying the concealed weapon he knew Barker was not armed and he admitted he did not tell Officer Butler he was carrying the gun concealed because of his fear of Barker. (Tr. 112).
At the conclusion of all the evidence the defendant's counsel requested the trial court instruct the jury on the affirmative defense to the charge of carrying a concealed weapon provided in R.C. 2923.12(C)(2). That section provides:
 (C) It is an affirmative defense to a charge under this section of carrying or having control of a weapon other than dangerous ordnance, that the actor was not otherwise prohibited by law from having the weapon, and that any of the following apply:
* * *
 (2) The weapon was carried or kept ready at hand by the actor for defensive purposes, while the actor was engaged in a lawful activity and had reasonable cause to fear a criminal attack upon the actor or a member of the actor's family, or upon the actor's home, such as would justify a prudent person in going armed.
In overruling the defendant's request for the instruction, the trial court observed:
 The affirmative defense states that the weapon was carried or kept ready at hand by the defendant for defensive purposes while engaged in lawful activity. The lawful activity would be when he's carrying it from his car to his home. That's lawful, but to carry it concealed was not lawful. The defendant never testified that at the time he was carrying it, or even hinted or indicated by any stretch of the imagination or any circumstantial evidence, that went out and got that weapon to defend himself. He went out and got that weapon because he thought it might have been used in another crime and he has to have, ". . . and had reasonable cause to fear a criminal attack upon himself." He never testified that he was afraid of Mr. Barker and didn't say that there was fear that a member of his family or his home was the object of a lawful — was a reasonable cause for a fear of a criminal attack. There's nothing here that the defendant testified to or any other witness that would indicate a criminal attack was even imminent or there was a fear of it. If the evidence does not present itself for certain elements or defenses, then the Court is not required to charge. When there's an absence of any evidence, the Court doesn't charge on speculation. (T.P. 129).
In a single assignment of error, defendant contends the trial court committed prejudicial error in failing to give the requested instruction. In State v. Melchior (1978), 56 Ohio St.2d 15, the Ohio Supreme Court held that the proper standard for determining in a criminal case whether a defendant has successfully raised an affirmative defense is to inquire whether the defendant has introduced sufficient evidence, which if believed, would raise a question in the minds of reasonable men concerning the existence of such issue.
Even if we construe the evidence most favorably to the defendant, we find insufficient evidence in this record to raise a question in reasonable minds as to whether the defendant was justified in carrying a loaded concealed weapon. The justification for carrying the concealed weapon must be measured by the circumstances and facts as they existed at the time of the arrest. State v. Johnson (C.P. 1972), 31 Ohio Misc. 145, 149. The defendant admitted that he was angry with Barker for taking his gun without his permission. He admitted to retrieving the gun from his car to secure it from being taken again without his permission. He never testified he was afraid of Barker as he confronted him at the rear of his residence and he admitted he never told Officer Butler of his concerns for his safety or that of his family. The assignment of error is overruled.
The judgment of the trial court will be Affirmed.
YOUNG, P.J., and WALSH, J., concur.
(Honorable James A. Brogan of the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)